OMAHA GAS COMPANY ET AL. V. CITY OF SOUTH OMAHA.

FILED FEBRUARY 4, 1904.   No. 13,209.

1. **Petition: DEMURRER.** Petition examined, and *held* not subject to demurrer upon the ground of improper joinder of causes of action.

2. **Indemnifying Bond: ACTION: EVIDENCE.** In an action by a city against a gas company upon a bond given by the latter to indemnify the city against loss through the recovery against the city for injuries occasioned by open trenches dug by the company, the execution and delivery of the bond was admitted, and the evidence established the recovery of a judgment against the city for a personal injury resulting from an open trench dug by the company. *Held,* That there was a liability against the company on the bond, and that the city was entitled to judgment. *Held, further,* That evidence of the presence or absence of negligence of either the company or the city as related to the injury was immaterial.

3. **Instruction.** Instruction examined, and *held* properly refused.

ERROR to the district court for Douglas county: GUY R. C. READ, JUDGE. *Affirmed.*

*George E. Pritchett,* for plaintiffs in error.

*A. H. Murdock, contra.*

KIRKPATRICK, C:

This is an error proceeding prosecuted from a judgment of the district court for Douglas county to reverse a judgment recovered by the city of South Omaha, hereinafter styled the city, against plaintiffs in error, the Omaha Gas Company, hereinafter styled the company, and Frank Murphy, its surety. Three grounds of error are relied upon for a reversal of the judgment: First, that the court erred in overruling the demurrer of the company upon the ground that there were two causes of action improperly joined in the petition; second, that there was not sufficient evidence to entitle the city to judgment, and that, on the evidence received, the company was entitled to

judgment; third, that the court erred in refusing to give instruction numbered 2, requested by the company. The questions raised by these various assignments of error will be considered in their order, so far as necessary to a right determination of the case.

That a correct understanding of the first contention may be had, it will be necessary to state very briefly the transactions out of which the controversy arose. Some time prior to November 25, 1897, the city, by ordinance, granted to the company, upon certain conditions, a franchise to excavate trenches in the streets and alleys, and to lay pipes and cross-mains, for the purpose of supplying the citizens of the city with gas. As a condition precedent to the exercise of the rights under the franchise, it was by ordinance provided, that the company should execute to the city a good and sufficient bond in the sum of $5,000, that it would indemnify and hold harmless the city from all loss and damages resulting from suits brought against the city, on account of accidents occasioned by the excavations.

Some time in November, 1897, one Burk accidently drove into one of the trenches dug by the company, and sustained injuries. In a suit against the city he recovered damages, the judgment being affirmed by this court, and the city satisfied the judgment by payment. The action at bar was brought by the city against the company for the amount of this judgment with costs. In its petition, the city set out a copy of the bond given by the company, and all other matters hereinbefore stated; and the company contends that no cause of action is stated upon the bond, and, also, no facts sufficient to entitle the city to recover over from the company for the Burk judgment. From a careful reading of the petition, we conclude that this contention of the company can not be sustained. The petition sets out a copy of the bond; the sureties thereon are made parties defendant, and are charged with liability in all respects as the company, and it seems quite clear that the petition contains but a single cause of action, and that,

one arising upon the bond.  It therefore follows that the demurrer was properly overruled.

The next contention, relating to the sufficiency of the evidence, is to the effect that the company is shown to be free from fault, and that the injury to Burk was caused by the negligence of the city.  The bond, which was given by the city to secure its franchise, contains a condition in the language following:

"The condition of this obligation is such, that, if the above bounden Omaha Gas Company, its successors and assigns, or any of them, shall well and truly indemnify, and save harmless, the City of South Omaha from, and against any loss resulting to said city, from damage suits brought against said city, from accidents resulting from the excavation of streets and alleys of said city, by said Omaha Gas Company, then, these presents to be void," etc. In its answer the company admitted the execution of the bond, and the excavation of the trenches by reason of which Burk was injured, and the testimony establishes the recovery of the judgment by him, its payment by the city, and the further fact that the gas company and Murphy, its surety, defendants, had due and timely notice of the pendency of Burk's suit, and were, by the city, invited to appear and take part in the defense; and it is further disclosed that the attorney for the company did, in fact, appear and assist in the defense.  This being the condition of the record, it would seem absolutely to fix the liability of the company.  Numerous authorities are cited by counsel upon both sides of this case, upon the question of the liability over in this kind of a case, but in the view we take of the matter, it will not be necessary to consider them.  The right to recover upon the bond in suit does not depend upon the presence or absence of negligence on the part of either the city or the company, but rather, under the terms of the bond, upon whether the city has suffered a recovery, because of the excavations made by the company.

Instruction numbered 2, requested by the company,

presents the question of negligence of the company for the consideration of the jury. In view of what has just been said, the refusal of this instruction, it is apparent, was not error. Having reached this conclusion, it will not be necessary to consider the other errors urged. The judgment appears to be right, and it is therefore recommended that the same be affirmed.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.